UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YASMIN GERARDO FERNANDEZ GUZMAN,

Petitioner,

v. Case No. 3:26-cv-1146-MMH-SJH

WARDEN, NORTH FLORIDA DETENTION CENTER and U.S. ATTORNEY GENERAL,

Respondents.

**ORDER**

Petitioner Yasmin Gerardo Fernandez Guzman, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on May 5, 2026. She asserts that on March 26, 2026, local law enforcement stopped the vehicle in which she was a passenger. Id. at 7. Although Fernandez Guzman provided the officer with a valid Florida driver's license, the officer also asked for her resident card. Id. Fernandez Guzman explained that she was seeking asylum and had a valid work permit. Id. The officer then detained Fernandez Guzman. Id. According to Fernandez Guzman, she is now unlawfully detained at the North Florida Detention Center. Id.

To the extent Fernandez Guzman challenges the validity of her arrest, "habeas is not a vehicle to redress defects in an initial arrest." Palma v. Powell,

828 F. Supp. 3d 1297, 1308 (N.D. Ala. 2026). Rather, the function of habeas is to determine whether the petitioner may lawfully remain in custody, and "[i]f lawful grounds for detention exist, [Fernandez Guzman] is not entitled to release even if there were flaws in [her] original arrest." Id. Therefore, if Fernandez Guzman attacks her seizure rather than the statutory authority to presently detain her, her claims must fail. See also Gupta v. McGahey, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him")

Insofar as Fernandez Guzman challenges her detention, a federal court may grant habeas relief where a petitioner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Here, Fernandez Guzman has not alleged sufficient facts to establish her entitlement to relief. Her reference to due process is vague and conclusory in nature, and her factual allegations are conclusory and devoid of sufficient information that would allow the Court to draw reasonable inferences that Respondents violated her constitutional rights.

While the Court can speculate as to the claims Fernandez Guzman intends to raise, she carries the burden of clearly identifying her claims and the relief she seeks. Because she fails to carry that burden, the Petition is

dismissed without prejudice to Fernandez Guzman's right to refile a § 2241 petition that clearly sets forth allegations about how her detention allegedly violates the Constitution.

Accordingly, it is **ORDERED**:

1. Fernandez Guzman's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.

2. Respondent Warden's Motion to Dismiss (Doc. 3) is **DENIED as moot**.

3. The **Clerk** is directed to terminate any motions, enter judgment dismissing the Petition, and close the file.

4. The **Clerk** shall send Fernandez Guzman a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 9/28
c:
Yasmin Gerardo Fernandez Guzman, #A205512256